IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

KIMBERLY HUTCHESON, Recorder-Treasurer
for Cave Springs, Arkansas                                                                PLAINTIFF

V.                               CASE NO. 5:17-CV-5026

CITY OF CAVE SPRINGS, ARKANSAS;
TRAVIS LEE, Mayor of Cave Springs, Arkansas
in his Individual and Official Capacity;
City Council Members: LARRY FLETCHER,
CHARLES LINDLEY, RANDALL NOBLET, RICK
SAYER, JOAN WHITE, and MARY ANN WINTERS,
in each's Official Capacity; Former City Council
Members: JAY FINCH, BRETT MOORE, and MARC
WILLIAMS, in each's Official Capacity                                                     DEFENDANTS

## MEMORANDUM OPINION AND ORDER

Currently before the Court are the Motion to Dismiss (Doc. 17) and Brief in Support (Doc. 18) filed collectively by all Defendants in this case, and Plaintiff Kimberly Hutcheson's Response in Opposition (Doc. 21). For the reasons given below, Defendants' Motion is **GRANTED**.

## I. BACKGROUND

Cave Springs, a municipality in Benton County, Arkansas, has lately undergone significant political turmoil. According to the Complaint in this case, the Cave Springs City Council passed City Ordinance 2015-04 (the "Duties Ordinance") in June 2015, effectively stripping then-City Treasurer Penny Mertes of her duties. *See* Doc. 1, ¶¶ 10–11. Ms. Mertes promptly resigned, and the office of Treasurer remained vacant for four months. *See id.* at ¶¶ 12–13. Then in October 2015, the City Council passed Ordinance 2015-08 (the "Recorder-Treasurer Ordinance"), merging the positions of City Treasurer and City

1

Recorder. *See id.* at ¶ 13. Throughout these events, Ms. Hutcheson was the City Recorder. *See id.* at ¶ 9. Thus, upon passage of the Recorder-Treasurer Ordinance, she became the Recorder-Treasurer for the city of Cave Springs. In November 2016, she was elected to a new four-year term as City Recorder-Treasurer, *see id.* at ¶ 38, which position she still holds today, *see id.* at ¶ 65.

In August 2016, the Cave Springs Police Chief was placed on administrative leave and then fired. *See id.* at ¶ 17. Ms. Hutcheson alleges that very soon thereafter, Mayor Travis Lee confronted her and insisted that she must either join "Team Joe" (*i.e.*, the recently-terminated Police Chief) or "Team Travis." *See id.* at ¶ 19. When Ms. Hutcheson refused to pick sides, *id.*, Mayor Lee allegedly commenced a campaign of retaliation against her by, *inter alia*, locking her out of city hall, *id.* at ¶ 20, limiting her access to the city's accounting software, *id.* at ¶ 25, instructing her *ultra vires* to perform fewer duties than she believed were required of her by the Duties and Recorder-Treasurer Ordinances, *see id.* at ¶¶ 26–27, instructing the Cave Springs police department to harass her personal business for baseless "code violations," *see id.* at ¶¶ 29–30, vetoing a city ordinance that would have clarified the duties of Recorder-Treasurer, *see id.* at ¶¶ 39–40, 46, bad-mouthing her to the local media, *see id.* at ¶ 43, lying to City Council members about her, *see id.* at ¶ 44, maliciously urging a prosecutor to make her the subject of a criminal investigation, *see id.* at ¶ 57, and engaging in many other similar retaliatory acts.

On February 7, 2017, Ms. Hutcheson filed a Complaint in this Court, initiating the instant lawsuit. In her Complaint, Ms. Hutcheson sets forth only one cause of action, for bill of attainder. *See id.* at ¶¶ 74–77. She has named as Defendants the City of Cave Springs, Mayor Lee in his official and individual capacities, and various current and former

members of the Cave Springs City Council in their official capacities only. She seeks declaratory and injunctive relief, as well as her costs, attorney fees, and expenses in bringing this action. All Defendants have collectively moved under Fed. R. Civ. P. 12(b)(6) for this Court to dismiss her Complaint, on the grounds that it fails to state a claim upon which relief can be granted. Of course, Ms. Hutcheson opposes their Motion, which has been fully briefed and is now ripe for decision.

## II. LEGAL STANDARD

To survive a Rule 12(b)(6) motion to dismiss, a complaint must provide "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The purpose of this requirement is to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). The Court must accept all of the Complaint's factual allegations as true, and construe them in the light most favorable to the plaintiff, drawing all reasonable inferences in the plaintiff's favor. *See Ashley Cnty., Ark. v. Pfizer, Inc.*, 552 F.3d 659, 665 (8th Cir. 2009).

However, the Complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.' Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Id.* In other words, while "the pleading standard that Rule 8 announces

does not require 'detailed factual allegations,' . . . it demands more than an unadorned, the defendant-unlawfully-harmed-me accusation." *Id.*

### III. DISCUSSION

Article I, Section 10 of the United States Constitution prohibits bills of attainder. The United States Supreme Court has "defined a bill of attainder as a legislative Act which inflicts punishment on named individuals or members of an easily ascertainable group without a judicial trial." *United States v. O'Brien*, 391 U.S. 367, 383 n.30 (1968). In other words, "three definitional elements" of "specificity in identification, punishment, and lack of a judicial trial" must be "contained in [a] statute" for it to be a bill of attainder. *See id.* The instant briefing focuses on whether that second element (of punishment) is adequately pleaded, as well as on whether the wrongs of which Ms. Hutcheson complains are truly *legislative* acts.

Ms. Hutcheson complains of two particular city ordinances: the Duties Ordinance and the Recorder-Treasurer Ordinance. She argues that these ordinances "both operate to strip [her] of certain duties for no legislative purpose." (Doc. 21, p. 4). "The imposition . . . of a sanction of mandatory forfeiture of job or office has long been considered punishment under the bill of attainder clause," because "[d]isqualification from office may be punishment, as in cases of conviction upon impeachment." *Crain v. City of Mountain Home, Ark.*, 611 F.2d 726, 728 (8th Cir. 1979) (quoting *United States v. Brown*, 381 U.S. 437, 448 (1965)) (citing *Nixon v. Administrator of Gen. Servs.*, 433 U.S. 425, 469 (1977)). Defendants, for their part, contend that these ordinances did not punish Ms. Hutcheson.

Ms. Hutcheson's Complaint does not plead any facts from which the Court could reasonably infer that the Duties Ordinance or the Recorder-Treasurer Ordinance served

any punitive purpose with respect to Ms. Hutcheson; indeed, the only reasonable inference the Court can make from the Complaint, as currently formulated, is that they did *not*. True, the Duties Ordinance stripped the City Treasurer of many, and perhaps even substantially all, of her duties.¹ *See* Doc. 1-1. But according to the Complaint, Ms. Hutcheson was not the City Treasurer at the time the Duties Ordinance was enacted; Ms. Mertes was. *See* Doc. 1, ¶¶ 10–12. Ms. Hutcheson was the City Recorder at that time, as she still was four months later when the Recorder-Treasurer Ordinance merged the positions of Treasurer and Recorder. *See id.* at ¶¶ 9, 13, 15. Furthermore, the Recorder-Treasurer Ordinance explicitly states that "there is no objection from the current City Recorder to the establishment of the combined office of the City Recorder-Treasurer," *see* Doc. 1-2, p. 1, and the Complaint does not allege that this representation was false. In fact, it would seem to be true, given that the Complaint *does* allege that more than a year later, Ms. Hutcheson pursued and won election to a new "four-year term as Recorder-Treasurer." *See* Doc. 1, ¶ 38.

Instead, Ms. Hutcheson essentially alleges that roughly a year after these ordinances were passed, Mayor Lee developed personal animosity against Ms. Hutcheson, *see id.* at ¶¶ 16–19, and that he exploited vague and ambiguous language in these ordinances to harass and impede Ms. Hutcheson in the performance of her duties, *see id.* at ¶¶ 20–73. But while one may reasonably infer from the Complaint that Mayor Lee's alleged acts were punitive in both intent and effect, that is not enough; as noted above, a bill of attainder is a *legislative* wrong. At the end of the day, the gravamen of

---

¹ There appears to be a good deal of confusion and disagreement over the precise scope of the Duties Ordinance's impact on the responsibilities of the City Treasurer. *See, e.g.*, Doc. 1-3.

5

Ms. Hutcheson's grievance appears not to be *legislative* improprieties (other than perhaps poor legislative draftsmanship), but rather *executive* ones. Or put differently, the legislative acts in her Complaint are not punitive, and the punitive acts in her Complaint are not legislative. Since the Complaint fails to plead sufficient facts to support the existence of a bill of attainder, and since it does not advance any other legal theories for relief, it must be dismissed for failure to state a claim.

## IV. CONCLUSION

**IT IS THEREFORE ORDERED** that Defendants' Motion to Dismiss (Doc. 17) is **GRANTED**, and Plaintiff Kimberly Hutcheson's Complaint (Doc. 1) is **DISMISSED WITHOUT PREJUDICE**.

**IT IS SO ORDERED** on this 15th day of August, 2017.

/s/ Timothy L. Brooks
TIMOTHY L. BROOKS
UNITED STATES DISTRICT JUDGE